Marston, J.:
I concur in the above opinion, upon the ground that the policy in the Home Company was issued to Yerdier, who at the time of the loss had an interest in the goods as a member of the firm of Yerdier and Brown; and because the firm, after the loss, claimed the policy in the Home Company was a valid, subsisting one, and assigned their claim under it, which would have the effect stated in the foregoing opinion. While the clause relied upon in defense, in my opinion, can have no application where the insured has no interest in the goods at the time the owners obtain a new policy and when the loss happens, yet in a case like the present I think it does.
*Campbell, J.:
When this case was last before us, there was evidence in the record from which it seemed probable that the Home Insurance Company had become estopped from questioning the validity of the policy held by Verdier before his partnership with Brown. The terms of the policy prohibiting any change in the ownership of the insured property, are now in evidence, *378 showing that by the formation of the partnership agreement the policy was terminated, unless afterwards revived. The evidence now shows that the renewal took place before the partnership, and that the firm of Sinclair Bros, allowed the. amount to fun until paid after the fire to their clerk in their behalf. But, inasmuch as the whole premium was due in advance, and the insured could not claim any portion of it hack after a voluntary relinquishment of the policy, the subsequent retention by the Home Company or their agents of money which in any event belonged to them, was rightful, and had no effect in renewing a void policy.
There is no testimony in the present record showing any other action of the Home Company in the matter; and therefore there is nothing to indicate any waiver or estoppel against, them. This being so, all other questions which might he presented under the rulings are unimportant, as the valid existence of the Home policy is the only ground on which the judgment could be disturbed, and I am of opinion it should be affirmed.
Judgment reversed, with costs, and a new trial ordered.